J-S15027-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.0.P. 65.37

COMMONWEALTH OF : IN THE SUPERIOR COURT OF
PENNSYLVANIA : PENNSYLVANIA
Vv.

JAMAAR RICHARDSON.
No. 465 EDA 2017
Appellant

Appeal from the PCRA Order January 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0407443-2004

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.
MEMORANDUM BY DUBOW, J.: FILED JUNE 15, 2018

Appellant, Jamaar Richardson, appeals pro se from the Order entered in
the Philadelphia County Court of Common Pleas dismissing his Petition filed
pursuant to the Post Conviction Relief Act (“PCRA”), 42 Pa.C.S. §§ 9541-9546.
After careful review, we adopt the PCRA court’s June 28, 2017 Opinion as our
own and affirm the denial of relief.

The PCRA court set forth the relevant factual and tortured procedural
history of this case in its June 28, 2017 Opinion and we adopt its recitation for
purposes of this appeal. See PCRA Ct. Op., 6/28/17, at 1-8. In summary, a
jury convicted Appellant of Second-Degree Murder, two counts of Robbery,

and two counts of Criminal Conspiracy! in connection with the planned robbery

1/18 Pa.C.S. § 2502(b); 18 Pa.C.S. 3701(a)(1); 18 Pa.C.S. § 903(a),
respectively.
J-S15027-18

of a Rite Aid in Philadelphia that resulted in the shooting death of the store’s
manager, Michael Richardson, on January 19, 2003. On September 9, 2004,
the court sentenced Appellant to life in prison for the Second-Degree Murder
conviction, and consecutive terms of 5 to 20 years’ imprisonment for his
remaining convictions.2 This Court affirmed on direct appeal, and our
Supreme Court denied allowance of appeal on April 25, 2012.
Commonwealth v. Richardson, 911 A.2d 185 (Pa. Super. 2006))
(unpublished Memorandum), appeal denied, 44 A.3d 1161 (Pa. 2012).

On August 16, 2012, Appellant filed a pro se PCRA Petition and an
amended pro se Petition on June 24, 2013. After Appellant filed a Motion for
the appointment of counsel on March 31, 2015, the Court appointed counsel.+
On February 11, 2016, counsel filed a motion to withdraw and a “no merit
letter” pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super.
1988) (en banc). Appellant forwarded a letter to PCRA counsel in response to
the Finley letter. The court filed a Pa.R.Crim.P. 907 Notice on March 10,
2016, but after reviewing the letter Appellant had sent to counsel, the court

directed counsel to review the notes of testimony from the suppression

2 Robbery of the victim merged with the charge of Second-Degree Murder.

3 This six-year delay in the Pennsylvania Supreme Court’s denial of Appellant’s
Petition for Allowance of Appeal was due to Appellant’s twice obtaining the
right to file a petition for allowance of appeal nunc pro tunc after filing PCRA
Petitions.

* The trial court noted in its Pa.R.A.P. 1925(a) Opinion that it did not receive
Appellant’s PCRA Petitions from the Post-Trial Unit of the First Judicial District
until May 8, 2015. See Trial Ct. Op., dated June 28, 2017, at 2 n. 10.

-2-
J-S15027-18

hearing and to file either an amended PCRA Petition or a supplemental Finley
letter. PCRA counsel filed an amended Finley letter and the court
subsequently issued a supplemental Rule 907 Notice and granted Appellant
an extension to August 15, 2016, to respond. Appellant responded to the
court’s supplemental Rule 907 Notice on August 10, 2016, and the court
directed counsel to respond to Appellant’s filing. Counsel then filed a second
amended Finley letter, and the court issued a second supplemental 907
Notice on December 13, 2016. Appellant responded to the second
supplemental Rule 907 Notice raising a new claim of trial counsel
ineffectiveness. On January 13, 2017, the PCRA dismissed Appellant’s Petition
and granted counsel’s motion to withdraw.

Appellant filed a timely Notice of Appeal pro se. Both Appellant and the
PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Was trial counsel ineffective for advising [Appellant] to forego
his 5 Amendment right to testify in his own defense due to
his speech impediment?

2. Was trial counsel ineffective for failing to present Shyrina
Jenkins as a witness for the defense?

3. Was trial counsel ineffective for failing to present character
witnesses who were not related to her client and for failing to
utilize character evidence at all in her closing argument?
J-S15027-18
4. Was trial counsel ineffective for presenting [Appellant’s] sister,
Tyeisha Marshall, as a character witness?°
Appellant’s Brief at 7 (reordered).°®
Standard/Scope of Review

We review the denial of a PCRA Petition to determine whether the record
supports the PCRA court’s findings and whether its order is otherwise free of
legal error. Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014). This
Court grants great deference to the findings of the PCRA court if the record
supports them. Commonwealth v. Boyd, 923 A.2d 513, 515 (Pa. Super.
2007). We give no such deference, however, to the court’s legal conclusions.
Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012).

This Court has long recognized that there is no absolute right to an
evidentiary hearing. Commonwealth v. Hart, 911 A.2d 939, 941 (Pa. Super.
2006). "It is within the PCRA court's discretion to decline to hold a hearing if
the petitioner's claim is patently frivolous and has no support either in the
record or [in] other evidence." Commonwealth v. Wah, 42 A.3d 335, 338

(Pa. Super. 2012) (citations omitted). When the PCRA court denies a petition

> In his Rule 1925(b) Statement, Appellant challenged the manner in which
counsel presented his character witness. Here, his Statement of the Issue
challenges the fact that his character witness was presented at all. These are
two different issues. However, because the argument in his Brief
encompasses the issue raised in his Rule 1925(b) Statement, we decline to
find the issue as raised here waived.

© Appellant abandoned issues challenging PCRA counsel’s assistance that he
had raised in his Pa.R.A.P. 1925(b) Statement.

-4-
J-S15027-18

without an evidentiary hearing, we "examine each issue raised in the PCRA
petition in light of the record certified before it in order to determine if the
PCRA court erred in its determination that there were no genuine issues of
material fact in controversy and in denying relief without conducting an
evidentiary hearing." Commonwealth v. Khalifah, 852 A.2d 1238, 1240
(Pa. Super. 2004).
Ineffective Assistance of Counsel

The law presumes counsel has rendered effective assistance.
Commonweatith v. Rivera, 10 A.3d 1276, 1279 (Pa. Super. 2010). “[T]he
burden of demonstrating ineffectiveness rests on [A]ppellant.” Id. To satisfy
this burden, Appellant must plead and prove by a preponderance of the
evidence that: “(1) his underlying claim is of arguable merit; (2) the particular
course of conduct pursued by counsel did not have some reasonable basis
designed to effectuate his interests; and, (3) but for counsel's ineffectiveness,
there is a reasonable probability that the outcome of the challenged
proceeding would have been different.” Commonwealth v. Fulton, 830 A.2d
567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in
rejection of the appellant’s ineffective assistance of counsel claim.

Commonwealth v. Jones, 811 A.2d 994, 1002 (Pa. 2002).

Adoption of Trial Court’s Analysis of Issues Raised

The Honorable M. Teresa Sarmina, who also presided over Appellant’s

jury trial, has authored a comprehensive, thorough, and well-reasoned Rule

-5-
J-S15027-18

1925(a) Opinion, citing the record and relevant case law in addressing each
of Appellant’s ineffectiveness claims. After a thorough review of the certified
record, the briefs of the parties, the applicable law, and the PCRA court’s
Opinion, we conclude that there is no merit to Appellant’s claims. Accordingly,
we adopt that Opinion as our own and affirm the court’s denial of PCRA relief.
See Trial Ct. Op., dated 6/28/17, at 10-13 (concluding, inter alia, that
Appellant’s reliance on Commonwealth v. Nieves, 746 A.2d 1100, 1104 (Pa.
2002), is unavailing because (a) any alleged advice not to testify because of
Appellant’s stutter was a matter of trial strategy and not the result of an
erroneous statement of law made by counsel; and (b) the colloquy Appellant
had with the court shows that his decision not to testify was made knowingly
and solely by Appellant); at 14-16 (concluding that, in light of the
overwhelming evidence showing that Appellant participated in the two
planning sessions for the robbery, including his own statement to police, the
presentation of Jenkins’ proffered testimony that Appellant did not participate
in the planning would not have changed the outcome of the trial); at 17-19
(concluding that Appellant failed to satisfy the five-part test set forth in
Commonwealth v. Matias, 63 A.3d 807, 810-11 (Pa. Super. 2013), because
he did not show that the character witnesses were available and willing to
testify at trial, that counsel knew of the witnesses, and that the lack of their
testimony was so prejudicial as to deny Appellant a fair trial; and, further, the

record belies Appellant’s claim that counsel knew of these witnesses at trial

-6-
J-S15027-18

because after counsel indicated she would be calling only Appellant’s sister as
a character witness, Appellant stated to the court that there were no other
witnesses he wished to call); at 20-22 (counsel’s strategy in presenting
Appellant’s sister’s testimony as the only character witness Appellant wished
to present was not lacking in reasonable basis, and in light of overwhelming
evidence against Appellant, he cannot show he was prejudiced by his sister’s
impeached testimony).

The parties are instructed to annex the trial court’s June 28, 2017
Opinion to any future filings.

Order affirmed.

Judgment Entered.

(
Joseph D. Seletyn, Es@¢%
Prothonotary

Date: 6/15/18